```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
Antonio Torres
                Plaintiff,                      AMENDED ANSWER AND
                                                CROSS-CLAIMS
        -against-
                                                3311 CV11

Jennifer M. Iler, Kevin J. Iler,                Hon. Judge J. Dawn
M. Griffin and Sabrina M. Coffin                Weinsten

                Defendants,                     Defendant Demands
                                                Trial by Jury
------------------------------------------X
```

Defendants **Jennifer M. Iler and Kevin J, Iler**, by their attorneys, SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C. as and for their answer to the complaint and as and for its cross-claims against all co-defendants, upon information and belief, sets forth as follows:

1. Denies any knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1, 2, 5, 6, 11 (1st), 12 (1st & 2nd), 13 (1st), 14 (1st), 22, 23, 24, 25, 26, 27, 28, 33 (the second paragraph numbered 33 that was misnumbered and addresses CPLR § 1602) and appropriate portions of paragraphs 18 and 35.

2. Admits the truth of the averments contained in paragraphs 3, 4, 10, 11(2nd), 13 (2nd), 14 (2nd), 17 (2nd), 19, 20, 21 and appropriate portions of paragraphs 18 and 35.

3. Denies the truth of the averments contained in paragraph 7, 8, 9, 15 (1st & 2nd), 16 (1st & 2nd), 17 (1st), 18, 29, 30, 31, 32, 33 (the first paragraph numbered 33 that asserts defendant was

negligent), 34, 36, 37, and appropriate portions of paragraphs 18 and 35.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

4. The amount recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages, including, but not limited to, plaintiff's contributory negligence and/or assumption of the risk.

### AS FOR A SECOND AFFIRMATIVE DEFENSE:

5. The plaintiff did not suffer any serious injury as defined by N.J.S.A. 39:6A-8a of the State of New Jersey, nor has the plaintiff sustained any recoverable economic loss as defined by New Jersey law.

### THIRD AFFIRMATIVE DEFENSE:

6. The plaintiff did not suffer any serious injury as defined by Section 5102 of the Insurance Law of the State of New York, nor has the plaintiff sustained any economic loss as defined in Sections 5102 and 5104 of the Insurance Law of the State of New York.

### FOURTH AFFIRMATIVE DEFENSE:

7. That the plaintiff was not wearing a seat belt at the time of the alleged occurrence and accordingly, any award made to and accepted by said plaintiff for injuries set forth in the complaint must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated or contributed to by

plaintiff's failure to wear a seat belt and to have same operational at the time of the occurrence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

8. There is no personal jurisdiction over the ILER defendants as they are residents of the State of New Jersey, the accident occurred in the State of New Jersey, they transact no business in the State of New York, do not own any property in the State of New York, were not served while physically in the State of New York and they have no other indicia of presence in the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

9. That in the event plaintiff herein have made a claim for no-fault benefits and have submitted any dispute they may have had to Arbitration, then the decision of the arbitrator(s) as to any and all issues decided by said arbitrator(s) shall collaterally estop plaintiff in this lawsuit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

10. That plaintiff's culpable conduct is greater than 50% as compared to the defendants and therefore, pursuant to the law of the State of New Jersey, plaintiff cannot recover any monies in this action and his cause is barred.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

11. The substantive laws of the State of New Jersey shall apply hereto.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

12. Pursuant to 28 U.S.C.A. section 1391 venue is improperly

laid and this matter should be therefore dismissed and/or this action should be dismissed pursuant to the doctrine of Inconvenient Forum as it is best litigated in the State of New Jersey in the interest of substantial justice.

### TENTH AFFIRMATIVE DEFENSE:

13. In the alternative, if the matter is not dismissed for lack of personal jurisdiction and/or pursuant 28 U.S.C.A. section 1391, then in the interests of justice and/or for the convenience of the parties this action should be transferred to the Federal District Court of New Jersey pursuant to 28. U.S.C.A. section 1412.

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS DAWN M. GRIFFIN AND SABRINA M. COFFIN, DEFENDANTS JENNIFER M. ILER AND KEVIN J. ILER ALLEGES AS FOLLOWS:**

14. If the plaintiff was caused damage or injury as alleged in the complaint through negligence, carelessness, or recklessness other than plaintiff's own culpable conduct then said damages were sustained due to the negligence, carelessness, recklessness, and/or other culpable conduct of the co-defendants **Dawn M. Griffin and Sabrina M. Coffin** and not as a result of any culpable conduct on the part of these cross-claiming ILER defendants.

15. If the plaintiff should recover judgment resulting in liability to the ILER defendants, then the co-defendants **Dawn M. Griffin and Sabrina M. Coffin** shall be liable to these cross-claiming ILER defendants for the full amount of said judgment or

co-defendants **Dawn M. Griffin and Sabrina M. Coffin** shall be held liable on the basis of apportionment of responsibility for the alleged occurrence.

16. Based on the foregoing, these cross-claiming ILER defendants shall be entitled to contribution from and judgment over and against co-defendants co-defendants **Dawn M. Griffin and Sabrina M. Coffin** for all or any part of any verdict or judgment which the plaintiff may recover against the cross-claiming ILER defendants.

17. Based on the foregoing, these cross-claiming ILER defendants shall be entitled to common law indemnification from and judgment over and against co-defendants **Dawn M. Griffin and Sabrina M. Coffin** for all or any part of any verdict or judgment which plaintiff may recover against the answering ILER defendants.

WHEREFORE, defendants **Jennifer M. Iler and Kevin J. Iler** demands judgment dismissing the plaintiff's complaint against them, together with the costs and disbursements of this action, and further demands that, in the event they are found liable to plaintiffs herein, said defendants, on the basis of apportionment of responsibility, have judgment over against the aforementioned co-defendants for all or part of the verdict or judgment that plaintiff may recover against these answering defendants, and judgment on the cross claims served herewith, together with the costs and disbursements of this action, and for any expenses

incurred by it in the defense thereof, including attorneys' fees.

Dated: New York, New York
       July 26, 2011

>                         SMITH MAZURE DIRECTOR WILKINS YOUNG &
>                         YAGERMAN, P.C.
>
>                 By:     _____
>                         DAVID A. BOUGEOIS (DAB-1507)
>                         For the Firm
>                         SMITH MAZURE DIRECTOR WILKINS YOUNG &
>                         YAGERMAN, P.C.
>                         Attorneys for Defendants
>                         **Jennifer M. Iler and Kevin J. Iler**
>                         111 John Street, 20th Floor
>                         New York, New York 10038-3198
>                         (212) 964-7400
>                         Our File No. PSI-00481

TO:

SACCO & FILLAS, LLP
Attorney for Plaintiff
Antonio Torres
141-07 20th Avenue, Suite 506
Whitestone, NY 11357
(718) 746-3440

JOHN C. BURATTI & ASSOCIATES
Attorney for Defendants
DAWN M. GRIFFIN and
SABRINA M. COFFIN
100 Duffy Avenue Suite 500
Hicksville, NY 11801
(516) 688-1628

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Cross-Claims with Jury Demand was mailed by first class mail, postage prepaid, this August 5, 2011, to all counsel of record as indicated on the service list below.

_____
DAVID A. BOURGEOIS (DAB-1507)
For the Firm

## SERVICE LIST

SACCO & FILLAS, LLP
Attorney for Plaintiff
Antonio Torres
141-07 20th Avenue, Suite 506
Whitestone, NY 11357
(718) 746-3440

JOHN C. BURATTI & ASSOCIATES
Attorney for Defendants
DAWN M. GRIFFIN and
SABRINA M. COFFIN
100 Duffy Avenue Suite 500
Hicksville, NY 11801
(516) 688-1628

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Antonio Torres

                                Plaintiffs,

                -against-

Jennifer M. Iler, Kevin J. Iler,                                   3311 CV 11
Dawn M. Griffin and Sabrina M.
Coffin

                                Defendants

**AMENDED VERIFIED ANSWER, CROSS-CLAIMS WITH JURY DEMAND**

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.
Attorneys for Defendants
Jennifer M. Iler and Kevin J. Iler
111 John Street, 20th Floor
New York, New York 10038-3198
(212) 964-7400
PSI-00481

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a**

    DAVID A. BOURGEOIS, hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing AMENDED VERIFIED ANSWER, CROSS-CLAIMS WITH JURY DEMAND is not frivolous nor frivolously presented.

                                                        DAVID A. BOURGEOIS

Dated:    New York, New York
             July 26, 2011

                                              SMITH MAZURE DIRECTOR WILKINS YOUNG &
                                              YAGERMAN, P.C.
                                              Attorneys for Defendants
                                              Jennifer M. Iler and Kevin J. Iler
                                              111 John Street, 20th Floor
                                              New York, New York 10038-3198
                                              (212) 964-7400
                                              Our File No.  PSI-00481

DAB/vxg
1203178.wpd